**GRANT; and Opinion Filed August 9, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00944-CV

## IN RE D.C. INDIVIDUALLY AND A/N/F OF M.M., Relator

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-01692-2013**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus after the trial court granted an emergency motion for expedited discovery prior to ruling on her motion to dismiss. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

Real party in interest Darius McClinton-Hunter and M.M., a minor, were in an apartment with several other people. One of the other teenage females present, O.T., alleged that she was sexually assaulted by Hunter, and M.M. alleged that she was sexually assaulted by one of the other teenage males. After charges were brought against the teenage males, Hunter was no-

billed by the grand jury.[1]  Hunter then filed suit against several people, including M.M. and her mother, D.C., for defamation, malicious prosecution, negligence, vicarious liability, and civil conspiracy.  Relator and the other defendants filed a motion to dismiss under the Citizens' Participation Act.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001, *et seq.* (West Supp. 2012).  Real party in interest filed a motion requesting discovery prior to the hearing on the motion to dismiss, and the trial court granted the motion and ordered M.M. and D.C. to appear for videotaped depositions.  The trial court also ordered M.M.'s forensic interview with the Child Advocacy Center of Collin County released to Hunter.

> The civil practice and remedies code provides:
>
> (a) In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.
>
> (b) On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.006 (West Supp. 2012).  Relator complains that real party in interest failed to show good cause for the discovery ordered in this case as to M.M. and D.C.  We agree.

In his response to the petition for writ of mandamus, Hunter states that O.T. made false statements about him and that depositions already taken have confirmed that those statements were false.  However, Hunter stated no good cause for the discovery in his emergency motion for expedited discovery.  And, at the hearing, he argued that he needed to have limited depositions of the defendants in order to defend the motion to dismiss.  That is not sufficient to show good cause under the terms of the statute.

---

[1] The other teenage male was indicted for unlawful restraint, but no-billed for the charge of sexual assault of a child.

Because of our resolution of this issue, we need not address relator's other arguments. We conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its June 12, 2013 ruling compelling the depositions of D.C. and M.M. and her July 10, 2013 "Memorandum" to the extent it relates to the forensic interview of M.M. and to render an order denying real party in interest's emergency motion for expedited discovery to the extent it seeks discovery from D.C. and M.M.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130944F.P05